USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __01/06/2021__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

CLAUDETTE GRIFFITH,

                                         Plaintiff,

                    -against-                                    **DISCOVERY ORDER**

METROPOLITAN TRANSIT AUTHORITY, et al.,                          **19-CV-6234 (AT) (KHP)**

                                         Defendants.

-------------------------------------------------------------------X

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

Plaintiff Claudette Griffith filed a letter motion seeking a conference to compel

Defendants Metropolitan Transit Authority – New York City Transit ("NYCTA") and Jesse Seder

to produce certain application materials of a non-party former colleague of Plaintiff.  (ECF

No. 63.)  Based on this Court's review of the record, no conference is necessary to address

Plaintiff's requests.  For the reasons that follow, Plaintiff's request is denied.

## BACKGROUND

Plaintiff Claudette Griffith commenced this action on July 3, 2019 against Defendants

claiming employment discrimination based on sex, age, and race, in violation of federal, state,

and city law.  (ECF Nos. 1 & 15.)  Plaintiff subsequently amended her complaint on August 29,

2019.  (ECF No. 15.)  Plaintiff is a former manager at NYCTA who retired in November 2018.  She

alleges that her former supervisor, Defendant Jesse Seder, discriminated against her.  A

prominent example Plaintiff relies on, and the example relevant to the instant dispute, centers

on Peter Miller.  Miller, who was deposed on November 16, 2020, is a white male who is

younger than Plaintiff.  Miller was initially hired by Defendant Seder in a role subordinate to

Plaintiff, but then was promoted by Seder to a role with the title of General Superintendent

Support Services ("GSSS") in which, according to Plaintiff, Miller became Plaintiff's supervisor.

The record reflects that Plaintiff never applied for this position, despite Plaintiff's counsel's

unsworn assertions in the instant letter motion that Plaintiff will testify at trial that she would

have applied for that position but for a misunderstanding that it would be at a different facility

than her current job.  (Pl.'s Letter Mot. at 2-3, ECF No. 63.)  However, the record does reflect

that Plaintiff did apply for a different promotion that would have required her to move to a

different facility.  (Defs.' Letter at 3, ECF No. 64.)

The first discovery deadline in this case was set by the Court in April 2020 for September

25, 2020.  (ECF No. 35.)  The Court subsequently extended that deadline, including a 3-week

stay of discovery.  (ECF Nos. 47 & 51.)  On November 12, 2020, the parties appeared before the

Court with respect to a different discovery issue.  At that time, the instant issue regarding

Miller's application materials was not brought to the Court's attention, nor did the parties

indicate they would be unable to complete fact discovery by the end of November.  As such,

the Court set a final fact discovery deadline of November 30, 2020, which has since passed.

(ECF No. 57.)

## DISCUSSION

Plaintiff filed the instant letter motion on December 18, 2020 seeking to compel

Defendants to disclose the applications materials Miller submitted in connection with the GSSS

promotion.  Because fact discovery is closed, Plaintiff must show good cause for reopening

discovery to compel the production of certain information under Fed. R. Civ. P. 16(b)(4)—not

Fed. R. Civ. P. 26, as Plaintiff argues, given that discovery is closed.  For the following reasons,

Plaintiff's request is denied.

Trial courts have broad authority to oversee and set a discovery schedule as appropriate

for each case.  *Williams v. Rosenblatt Sec., Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017)

(recognizing broad discretion of magistrate judges in resolving discovery disputes).  A court-

ordered discovery schedule may be modified and discovery reopened with the court's consent,

for good cause shown.  *See* Fed. R. Civ. P. 16(b)(4).  Rule 16 does not set forth a definition of

"good cause."  However, any interpretation and application of Rule 16 must be consistent with

Rule 1's mandate to "secure the just, speedy, and inexpensive determination of every action"

and, particularly relevant here, Rule 26's mandate to limit the extent of discovery when "the

party seeking discovery has had ample opportunity to obtain the information" within the

schedule set by the court.  Fed. R. Civ. P. 1 & 26(b)(2)(C).  In the context of a motion to reopen

discovery or permit certain discovery after expiration of a court-established deadline, courts in

this Circuit undertake a fact-intensive analysis that considers a wide variety of factors,

including:

> (1) [W]hether trial is imminent, (2) whether the request is opposed, (3) whether
> the non-moving party would be prejudiced, (4) whether the moving party was
> diligent in obtaining discovery within the guidelines established by the court, (5)
> the foreseeability of the need for additional discovery in light of the time allowed
> for discovery by the district court, and (6) the likelihood that the discovery will
> lead to relevant evidence.

*Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011) (declining to hear additional

discovery on remand); *see also Rubik's Brand Limited v. Flameau, Inc.*, No. 17-cv-6559 (PGG)

(KHP), 2019 WL 257884 (S.D.N.Y. Jan. 14, 2019) (extending deadline to serve expert reports);

*Moroughan v. Cty. of Suffolk*, 320 F. Supp. 3d 511 (E.D.N.Y. 2018) (permitting reopening of discovery after applying six-factor test).

First, the Court notes that while no trial date has been set, the Defendants' Rule 56.1 statement for their upcoming motion for summary judgment is due by January 13, 2021.  Thus, while reopening discovery would not necessarily impact the timing of a trial, it would certainly impact the timing of the final resolution of this case as it would delay the summary judgment motion.  As to the second factor, Defendants oppose Plaintiff's request for the information here, and notably, they do so on the same grounds they opposed producing the same information when Plaintiff requested it during discovery in June 2020.  Third, Defendant as the non-moving party would be prejudiced should discovery be reopened given the closeness of its Rule 56.1 statement deadline and upcoming summary judgment motion.

The fourth factor, which assesses the diligence of the moving party to obtain the information sought, weighs most heavily against Plaintiff.  The information Plaintiff now seeks was sought during fact discovery in a request for production of documents.  At that time, Defendants refused to produce the application materials on largely the same grounds they now assert in opposition here:  that Plaintiff never actually applied for the position that she complains Miller leap-frogged her for, and as such, the information is not relevant.  After the refusal to produce the application materials in June 2020, Plaintiff did not seemingly seek to discover any additional information in that regard until the November 16, 2020 deposition of Mr. Miller—two weeks before the close of fact discovery.  While Plaintiff is correct that the relevance threshold under Rule 26 is quite low—even under the appropriate standards focusing on relevance and proportionality, and not whether information would lead to the discovery of

admissible evidence—the time to take issue with Defendants' refusal to produce this information under Rule 26 and on relevance grounds has passed.  Because Plaintiff was on notice since at least June 5, 2020 that Defendants would not produce the application materials, and because Plaintiff did not bring this matter to the Court's attention while fact discovery was still open—despite having at least two weeks between the Miller deposition and the close of discovery—or seek to further extend the fact discovery deadline, the Court finds that Plaintiff lacked diligence in seeking the information.

Regarding the fifth factor, while Plaintiff does request a deposition of a different employee of Defendants in the alternative, Defendants have not indicated that they would require any additional discovery.  Thus, this factor is neutral or weighs in slightly favor of Plaintiff.  As to the final factor, while the information Plaintiff seeks could be relevant under Rule 26, it should have been discovered while discovery was open.  Thus, this factor weighs against granting Plaintiff's request.

In sum, Plaintiff has failed to establish good cause as to why the Court should modify its prior order and reopen discovery to compel Defendants to produce the requested materials. Further, given Plaintiff's delay and lack of diligence, motion practice on this issue is not consistent with Rule 1.

## CONCLUSION

For the reasons set forth above, Plaintiff's request to compel production after the close of discovery is DENIED.

**SO ORDERED.**

5

DATED:      January 6, 2021
            New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge