UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

CLAUDETTE GRIFFITH,

                                    Plaintiff,

            -against-                                             **DISCOVERY ORDER**

METROPOLITAN TRANSIT AUTHORITY, et al.,               **19-CV-6234 (AT) (KHP)**

                                  Defendants.

-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge**

      Plaintiff Claudette Griffith has moved for reconsideration of this Court's Discovery Order (ECF No. 65), dated January 6, 2021, denying Plaintiff's motion to compel production of documents related to a non-party employee of Defendants. (ECF No. 67.) The Court may grant a motion for reconsideration when there has been an intervening change of controlling law, if the Court overlooked controlling decisions or factual matters before it, if new evidence has been discovered that warrants revisiting the prior decision, or to correct a clear error or prevent manifest injustice. Local Rule 6.3; *Arthur Glick Truck Sales, Inc. v. Stuphen East Corp.*, 965 F. Supp. 2d 402, 405 (S.D.N.Y. 2013); *Brown v. Barnes & Noble, Inc.*, 2020 WL 1082464, *1 (S.D.N.Y. March 5, 2020).

      In support of her motion, Plaintiff argues that she can establish good cause to modify the scheduling order and reopen discovery, see Fed. R. Civ. P. 16(b)(4), and that the Court's failure to order production of the requested discovery materials would result in a manifest injustice. To establish good cause, Plaintiff lists additional facts between November 20 and December 17, 2020 to argue Defendants are to blame for Plaintiff's failure to file her motion to

compel before the close of discovery on November 30, 2020.  However, as the Defendants' letter in opposition notes, the Plaintiff's additional facts ignore one of the main bases upon which this Court initially denied the motion—that Plaintiff had been on notice since June 5, 2020 that Defendants objected to the production of the requested materials.  As such, Plaintiff's additional details on the post-discovery-deadline attempts to have Defendants produce additional material, and the accusations that Defendants dragged their feet (even if credited), does nothing to undermine the Court's reasoning in the initial Discovery Order.  The six-factor analysis applied in the Discovery Order to assess good cause would remain unchanged even if the Court had considered the additional facts Plaintiff now raises.  *See Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011) (listing the factors).  Plaintiff still has failed to address how she can establish good cause in light of Defendants' telling her they would not produce the requested materials back in June 2020.  Plaintiff's failure to address this aspect of her diligence, or lack thereof, in obtaining the requested materials in a timely fashion prevents her from establishing good cause.  Therefore, for all the same reasons stated in the initial order, Plaintiff has failed to establish good cause to reopen discovery in modification of the Court's scheduling order.  (ECF No. 65.)

      Plaintiff makes no arguments regarding an intervening change of controlling law.  Nor does she argue that new evidence has been discovered.  Regarding Plaintiff's assertion that a denial of the motion to compel would operate a manifest injustice, the Court disagrees for much the same reasons that it finds no good cause for modification.  It is not a manifest injustice to deny Plaintiff materials that are of dubious evidentiary value with regards to their

relevance (see Discovery Order, ECF No. 65) and that Plaintiff had five months between notice of non-production and the discovery deadline to bring to the Court's attention.

## CONCLUSION

For the reasons set forth above, Plaintiff's letter motion for reconsideration is DENIED.

**SO ORDERED.**

DATED:   February 3, 2021
         New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge