UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
CLAUDETTE GRIFFITH,

                              Plaintiff,

          -against-

METROPOLITAN TRANSIT AUTHORITY-
NEW YORK CITY TRANSIT, and JESSE
WRIGHT SEDER, individually,

                              Defendants.

---

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  10/28/2022
```

19 Civ. 6234 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Claudette Griffith, brings this action against Defendants the New York City Transit Authority ("NYCTA")[1] and Jesse Wright Seder, alleging discrimination on the basis of race, sex, and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); 42 U.S.C. § 1981 *et seq.*; the Age Discrimination and Employment Act, 29 U.S.C. § 621 *et seq.* (the "ADEA"); the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* (the "NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* (the "NYCHRL").  *See* Amend. Compl. ¶ 1, ECF No. 15.  On March 8, 2021, Defendants moved for summary judgment, Defs. Mot., ECF No. 73, and, on March 22, 2022, the Court issued an order granting Defendants' motion with respect to all of Plaintiff's claims except for her failure-to-promote claim (the "Order").  Order, ECF No. 91.  Defendants move for reconsideration of the Order.  ECF No. 93.  For the reasons stated below, Defendants' motion for reconsideration is GRANTED, Defendants' motion for summary judgment as to Plaintiff's failure-to-promote claim is GRANTED in part and DENIED in part, and Plaintiff's failure-to-promote claim is DISMISSED.

---

[1] The caption incorrectly refers to Plaintiff's prior employer as the "Metropolitan Transit Authority-New York City Transit."  *See* Amend. Compl., ECF No. 15.  The correct name is the "New York City Transit Authority."  *See* Defs. Recon. Mem. at 1 n.1, ECF No. 94.

**BACKGROUND**

The Court presumes familiarity with the facts and procedural history outlined in the Order and describes them briefly here to the extent they relate to the pending motion. *See* Order at 1–7. In 2006, Plaintiff, a 63-year-old Black woman was employed by NYCTA as a Senior Administrative Assistant in the Central Maintenance Facility ("CMF"). Defs. 56.1 ¶¶ 3, 5, ECF No. 75. Plaintiff was then promoted to Staff Analyst II within CMF in 2011. *Id*. ¶¶ 11–12. In 2015, Defendant Seder, a 51-year-old white man, became the Assistant General Manager of Strategic Planning and Development at CMF ("AGM") and promoted Plaintiff to Manager of Shop Administration within CMF ("Manager"). *Id*. ¶¶ 3, 20, 40, 43, 45–48.

As Manager, Plaintiff supervised five or six staff analysts, one of whom was Peter Miller, a 44-year-old white man. *Id*. ¶¶ 3, 55, 57. When Plaintiff served as Manager, Seder conducted annual reviews of Plaintiff's performance. *Id*. ¶ 83. Seder's 2016 and 2017 reviews indicate that Plaintiff spent too much time on timekeeping duties and too little time on the remainder of her responsibilities. *Id*. ¶¶ 85–86.

In September 2016, NYCTA issued a public job posting soliciting applicants for director-level General Superintendent Support Service ("GSSS") positions. *Id*. ¶ 102. The posting stated that GSSS positions would be available at "[v]arious" locations, but specifically discussed the GSSS working at a bus "depot." GSSS Posting, ECF No. 80-2. After candidates successfully interviewed, they were placed on a promotional list and could be selected to fill any open GSSS positions. Defs. 56.1 ¶¶ 103–04. Miller applied for the GSSS posting and was selected for inclusion on the promotional list. *Id*. ¶¶ 108, 115. Plaintiff did not apply. *Id*. ¶ 111. Seder was not on the interview panel that assessed Miller's candidacy for the GSSS promotion. Seder Dep. at 134–35, ECF No. 81-4.

In early 2017, Seder sought approval to add a CMF GSSS position. *See* Defs. 56.1 ¶¶ 93–95; Seder Decl. ¶¶ 40–41, ECF No. 78; GSSS Proposal, ECF No. 78-7. Seder's proposal stated that another high-level employee was needed within CMF because the Manager, Plaintiff, spent "nearly all [of her] time tasked with timekeeping and payroll issues, which effectively narrow[ed] the scope of [her] responsibility to timekeeping/payroll only." GSSS Proposal at 3. The person selected for the GSSS position "would manage and oversee the entire administrative staff and the associated day-to-day tasks that are currently done by the AGM," *i.e.*, Seder. *Id*. at 4.

On June 12, 2017, Miller was selected for a GSSS position outside of CMF. Defs. 56.1 ¶ 118. Seder and Frank Annicaro, CMF's chief officer, discussed "holding" Miller as a staff analyst at CMF until they could fill his position. *See id.* ¶¶ 39, 121–22. The next day, on June 13, 2017, Annicaro offered Miller the GSSS position within CMF, *id*. ¶ 123, which Miller accepted, *id*. ¶ 125. The CMF GSSS position was never publicly posted nor specifically referenced on the public GSSS posting. *See* GSSS Posting. Before Annicaro promoted Miller, CMF had never had a GSSS. *See* Miller Dep. at 41, ECF No. 81-3. Plaintiff claims that, if she had known that the GSSS posting included a GSSS position within CMF, she would have applied for the GSSS promotional list. Pl. Decl. ¶¶ 8, 11, ECF No. 81-30. Once Miller was promoted to GSSS, he became Plaintiff's direct supervisor. *See* Defs. 56.1. ¶¶ 127–28; Miller Dep. at 21. Miller also became the direct supervisor for all of the staff analysts that previously reported to Plaintiff. Defs. 56.1 ¶ 134. Plaintiff continued to supervise the timekeepers, *id*., and she continued to be at least partially supervised by Seder, *id*. ¶ 128, who was now Miller's direct supervisor, *id*. ¶ 127.

Plaintiff testified that, after Miller was promoted to GSSS, Seder became "very disrespectful" and "pass[ed] her office" without "saying good morning or good afternoon." *See* Pl. Dep. I at 340:18-25, ECF No. 81-1. Rather than speak to her, Seder would go "straight into

Peter Miller's office" where they would laugh and joke.  Pl. Dep. I at 340:20-22.  She also testified

that, Seder "spen[t] more time" with "young white men" than with "elderly black female[s]," *id*.

at 328, 332, 341, 345–46, 348–54, and that he helped young white men get promotions, despite

not providing this assistance to older Black women, *id*. at 285, 329, 332–35; Pl. Dep. II at 400,

433–34, ECF No. 81-2.  On one occasion, Seder did not include Plaintiff on an e-mail discussing

the timekeeping department.  Pl. Dep. I at 301–03.  On another occasion, Seder sent Plaintiff an

email criticizing her for not sitting alongside him and Miller at a staff meeting.  Defs. 56.1 ¶ 200.

And, on a third occasion, Seder rejected Plaintiff's proposed solution to a personnel issue involving

another Black female employee, and told her to work with Miller to resolve the problem.  Pl. Dep.

I at 346–48, 359–66.  Plaintiff felt that Seder treated the other Black female employee unfairly.

*See id.*; *see also* Pl. Decl. ¶ 4.  When criticizing the way Plaintiff handled the personnel issue,

Seder wrote that he "expect[ed] [her] to be a leader and not sour about the situation."  Pl. Dep. I at

366:9-10.  Plaintiff never heard Seder make any form of discriminatory comments, slurs, or jokes.

Defs. 56.1 ¶ 177.

After Seder proposed transferring Plaintiff to another office location, Plaintiff informed

Seder that she was "in the process of retiring by [November 30, 2018]."  Pl. Retirement Email,

ECF 81-23; Def. 56.1 ¶¶ 144, 153.  On July 3, 2019, Plaintiff filed her complaint, ECF No. 1,

which she amended on August 29, 2021, Amend. Compl.  The amended complaint raises

discrimination claims based on race, sex, and age, under Title VII, § 1981, the ADEA, the

NYSHRL, and the NYCHRL.  *Id*. ¶ 1.  After the conclusion of discovery, Defendants moved for

summary judgment on all of Plaintiff's claims.  *See* Defs. Mot.  The Court granted Defendants'

motion with respect to all of Plaintiff's claims except for her failure-to-promote claims under Title

VII, § 1981, the ADEA, the NYHRL, and the NYCHRL.  *See* Order.  On April 5, 2022, Defendants

moved for reconsideration of the Court's ruling with respect to Plaintiff's failure-to-promote claim. ECF No. 93.

## DISCUSSION

I.   <u>Legal Standard</u>

Under Rule 54 of the Federal Rules of Civil Procedure, the Court has the inherent power to reconsider any of its decisions prior to the entry of a final judgment adjudicating all claims at issue. Fed. R. Civ. P. 54(b). Reconsideration is warranted where the movant identifies an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *DiLaura v. Power Auth. of New York*, 982 F.2d 73, 76 (2d Cir. 1992) (quotation marks and citation omitted). Motions for reconsideration are not to be used to relitigate old issues, to present new theories, to secure a rehearing on the merits, or to take "a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).

Summary judgment is appropriate when the record shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–26 (1986). A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The moving party initially bears the burden of informing the court of the absence of a genuine dispute of material fact by citing particular evidence in the record. Fed. R. Civ. P. 56(c)(1); *Celotex*, 477 U.S. at 323–24; *Koch v. Town of Brattleboro*, 287 F.3d 162, 165 (2d Cir. 2002). If the nonmoving party has the ultimate burden of proof on specific issues at trial, the movant may also satisfy its own summary judgment burden by demonstrating that the adverse party cannot produce admissible

evidence to support an issue of fact. *Celotex*, 477 U.S. at 322–23; *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine dispute of material fact. *Beard v. Banks*, 548 U.S. 521, 529 (2006); *PepsiCo*, 315 F.3d at 105. In doing so, the non-moving party "may not rely on conclusory allegations or unsubstantiated speculation," *Scott v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (citation omitted), as "unsupported allegations do not create a material issue of fact," *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000) (citation omitted). To defeat summary judgment, the opposing party must set forth "concrete evidence from which a reasonable juror could return a verdict in [her] favor." *Anderson*, 477 U.S. at 256. In deciding the motion, the court views the record in the light most favorable to the nonmoving party. *Koch*, 287 F.3d at 165.

Courts must be "cautious about granting summary judgment to an employer in a discrimination case when the employer's intent is in question," and must "carefully scrutinize[]" the non-movant's affidavits and depositions for "circumstantial proof which, if believed, would show discrimination." *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997) (quotation marks and citation omitted). That said, summary judgment is warranted if the opposing party "relies on conclusory allegations of discrimination and the employer provides a legitimate rationale for its conduct." *Figueroa v. N.Y. Health & Hosps. Corp.*, 500 F. Supp. 2d 224, 228 (S.D.N.Y. 2007) (quotation marks and citation omitted).

II.   <u>Analysis</u>

Defendants argue that the Court erred because the Order (1) "overlooked controlling legal authority that, in connection with a failure to promote claim, Defendants' burden at summary judgement is one of production, not persuasion or credibility," and (2) "overlooked the undisputed

record evidence that establishes that Seder played no role in the challenged promotional decision." Defs. Recon. Mem. at 1–2.

The Court agrees with Defendants that it erred in assessing Defendants' burden of production with respect to Plaintiff's failure-to-promote claim. In the Order, the Court found, after drawing all inferences in Plaintiff's favor, that Defendants had not met their burden of rebutting Plaintiff's *prima facie* case because they had not shown that any reasonable factfinder must determine that their reasons for promoting Miller over Plaintiff were legitimate. *See* Order at 15. By doing so, the Court applied too high of a burden on Defendants. The Court should have determined whether Defendants had "set forth, through the introduction of admissible evidence, the reasons for [their decision]." *Tex. Dep't Cmty. Affs. v. Burdine*, 450 U.S. 248, 254–55 (1981); *see also Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 142 (2000) (finding the defendant met its burden "by offering admissible evidence sufficient for the trier of fact to conclude that petitioner was fired because of his failure to maintain accurate attendance records"); *Moorehead v. N.Y.C. Transit Auth.*, 385 F. Supp. 2d 248, 252 (S.D.N.Y.), *aff'd*, 157 F. App'x 338 (2d Cir. 2005). The Court, therefore, finds that reconsideration is warranted because Defendants have identified the "need to correct a clear error." *DiLaura*, 982 F.2d at 76. Moreover, even if the Court's assessment of Defendants' burden did not constitute a "clear error," the Court still finds reconsideration appropriate to correct an error of law. *See Colvin v. Keen*, 900 F.3d 63, 69 (2d Cir. 2018).

Accordingly, Defendants' motion for reconsideration is GRANTED.

Upon reconsideration, the Court finds that Defendants are entitled to summary judgment on Plaintiff's failure-to-promote claim. First, as to Plaintiff's claims under Title VII, the ADEA, and § 1981, the Court adheres to its initial conclusion that Plaintiff made a *prima facie* case by

showing that "she was qualified for the position" and that the position "was filled by Miller, a younger white man who initially held a lower title than Plaintiff."   Order at 14–15; *see also* Pl. Dep. I at 265; GSSS Posting; Manager Posting, ECF No. 81-13; Defs. 56.1 ¶¶ 3, 57.   But, the Court concludes that Defendants have met their burden of "articulat[ing] a legitimate, clear, specific and nondiscriminatory reason" for their decision to not to promote Plaintiff.   *Moorehead*, 385 F. Supp. 2d at 252 (quoting *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 64 (2d Cir.1995)). Defendants argue that Plaintiff was not qualified for the position because she focused too much on timekeeping and neglected her other responsibilities.   Defs. MSJ Reply at 8–9, ECF No. 90.   This showing is sufficient at this stage of the Court's analysis.

Thus, the Court must determine whether Plaintiff has shown, "without the benefit of any presumptions, that more likely than not the employer's decision was motivated, at least in part, by a discriminatory reason."   *Moorehead*, 385 F. Supp. 2d at 252 (quotation omitted).   Here, the Court finds that, drawing all reasonable inferences in Plaintiff's favor, she has shown that there are issues of material fact with respect to whether Defendants' stated reasons are pretextual.   As discussed in the Order, "the record specifically demonstrates that Defendants viewed Plaintiff as capable of performing many of the tasks associated with the GSSS position, as Defendants assert that they decided to assign Plaintiff many of Miller's non-timekeeping tasks in an effort to prepare her for promotions."   Order at 15 (discussing Defs. 56.1 ¶ 166).   And, "aside from the fact that Miller was on [a disputed] GSSS promotional list and Plaintiff was not, Defendants have adduced no evidence demonstrating that Miller was more qualified than Plaintiff."   *Id*. (discussing *Terry v. Ashcroft*, 336 F.3d 128, 139 (2d Cir. 2003)).

But, even if Plaintiff has put forth "sufficient evidence to support a rational finding that the legitimate, nondiscriminatory reasons proffered by the [Defendants] were false," she must also

show "that more likely than not [discrimination] was the real reason for the [adverse employment action]." *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 714 (2d Cir. 1996) (citation and alteration omitted).  In doing so, she no longer benefits from the presumption of discrimination generated by her making a *prima facie* case because "[t]he presumption, having fulfilled its role of forcing the defendant to come forward with some response, simply drops out of the picture." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 510–11 (1993).  And, although "rejection of the defendant's proffered reasons will *permit* the trier of fact to infer the ultimate fact of intentional discrimination," it does not require that conclusion.  *Id.* at 511.  "[T]he key is whether there is sufficient evidence in the record from which a reasonable trier of fact could find in favor of plaintiff on the ultimate issue, that is, whether the record contains sufficient evidence to support an inference of discrimination on the basis of race, age, or some other impermissible factor." *Moorehead*, 385 F. Supp. 2d at 253.

Here, Plaintiff has not satisfied her burden of pointing to sufficient evidence in the record to support an inference of discrimination.  As the Court stated in the Order,

> Plaintiff argues that Seder showed his discriminatory intent by communicating with older Black women more infrequently than he communicated with younger white men, *see* Pl. Dep. I at 283–84, 332, 336–38, 340–43; Pl. Decl. ¶¶ 2–3, and by supporting the career ambitions of older Black women to a lesser degree than he supported those of younger white men, *see id*. at 332–33, 335.  Plaintiff's statements amount to conclusory allegations, speculation, and expressions of her feelings of being discriminated against and her perceptions that others were subjected to discrimination.  *See id*. at 283–84, 333–38, 340–43; Pl. Decl. ¶¶ 2–3.  These statements are not evidence of discrimination.  *See Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 456 (2d Cir. 1999), *as amended on denial of reh'g* (Dec. 22, 1999) ("feelings and perceptions of being discriminated against are not evidence of discrimination" (quotation marks and alterations omitted)); *Williams v. All. Nat'l Inc.*, No. 98 Civ. 7984, 2001 WL 274107, at *5 (S.D.N.Y. Mar. 19, 2001), *aff'd sub nom.*, 24 F. App'x 50 (2d Cir. 2001).

Order at 11–12.

Additionally, although Plaintiff presented evidence of one statement Seder made that could

support an inference of his discriminatory animus towards older workers—a 2016 statement expressing to another CMF employee that the employee's "age should disqualify [her] from promotions because [she] should have prioritized promotions earlier in [her] career," Evans Decl. ¶ 9, ECF No. 81-28—the connection between this isolated statement to another employee and the failure to promote Plaintiff a year later is too attenuated to allow a reasonable jury to conclude that this failure was because of Seder's alleged discriminatory animus towards older workers, *see Henry v. Wyeth Pharms., Inc.*, 616 F.3d 134, 149–50 (2d Cir. 2010); *Naumovski v. Norris*, 934 F.3d 200, 216 (2d Cir. 2019); *see also* Defs. 56.1 ¶ 177 (stating that Seder "never made any discriminatory comments, slurs, or jokes directed to Plaintiff"). And, Plaintiff provides no support for her claims of race- or sex-based discrimination. Therefore, Defendants are entitled to summary judgment on Plaintiff's failure-to-promote claims under Title VII, § 1981, and the ADEA.

Because Defendants are entitled to summary judgment on all of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law failure-to-promote claims. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (stating that, where all federal-law claims are eliminated before trial, "the balance of factors to be considered under the pendent jurisdiction doctrine . . . point toward [a federal court] declining to exercise jurisdiction over the remaining state [and city] law claims"); *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 405 (2d Cir. 2017) (Calabresi, J., concurring).

Accordingly, Defendants' motion for summary judgment is GRANTED as to Plaintiff's failure-to-promote claims under Title VII, § 1981, and the ADEA, and DENIED as to Plaintiff's failure-to-promote claims under the NYSHRL and the NYCHRL. Plaintiff's federal failure-to-promote claims are DISMISSED with prejudice, and her state and city failure-to-promote claims are DISMISSED without prejudice.

**CONCLUSION**

For the reasons stated above, Defendants' motion for reconsideration is GRANTED.  Upon reconsideration, Defendants' motion for summary judgment is GRANTED as to Plaintiff's failure-to-promote claims under Title VII, § 1981, and the ADEA, and DENIED as to Plaintiff's failure-to-promote claims under the NYSHRL and the NYCHRL.  Plaintiff's federal failure-to-promote claims are DISMISSED with prejudice, and her state and city failure-to-promote claims are DISMISSED without prejudice.

The Clerk of Court is directed to terminate the motion at ECF No. 93 and close the case.

SO ORDERED.

Dated: October 28, 2022
       New York, New York

_____
         ANALISA TORRES
      United States District Judge